[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Charles Dorsey appeals his conviction on two counts of nonsupport of his children in violation of R.C. 2919.21(A)(2). After the trial court had accepted Dorsey's guilty plea, it imposed an agreed sentence of ten months on each count and ordered the sentences to be served concurrently. Counsel appointed to prosecute Dorsey's appeal, has filed a no-error brief in compliance with Anders v. California.[1]
Although counsel has found no error, Dorsey raises the following four points: (1) that trial counsel was not aware of the extent of his prior record; (2) that he did not get credit for time served when he was arrested in Kentucky on other charges; (3) that the trial court should have received his written letter before he entered his plea; and (4) that counsel did not appropriately defend him because she failed to convince the trial court that he was unable to work, was trying to obtain disability benefits, and supported the children part of the time.
We must independently review the record in its entirety to determine whether the appeal is wholly frivolous. We have done so, keeping in mind the concerns raised by Dorsey, and conclude that no prejudicial error has been demonstrated.[2] Thus, we overrule Dorsey's counsel's motion to withdraw and affirm the trial court's judgment.
Although we hold that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we allow no penalty because of Dorsey's indigency.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] See id.